No. 12,256.

MOLHOLM *v.* BROOMFIELD STATE BANK OF BROOMFIELD.

(293 Pac. 962)

Decided December 1, 1930.

Mr. W. R. RAMSEY, for plaintiff in error.

Mr. EWARD N. DONNELLAN, Messrs. MARTIN, NEWCOMER & FITZGERALD, for defendant in error.

*In Department.*

MR. JUSTICE BUTLER delivered the opinion of the court.

THE Broomfield State Bank, called herein the bank, sued Louise Molholm, called herein Mrs. Molholm, on two promissory notes signed by her and payable to the order of the bank. The trial court struck from the files the fifth amended answer and each defense and the

counterclaim pleaded therein, and rendered judgment by default against Mrs. Molholm for $5,786.13.

Both the bank's motion to strike and the court's ruling thereon were based upon the ground that the fifth amended answer was a repetition of defenses previously pleaded, demurrers to which had been sustained. Mrs. Molholm's counsel seems to have experienced considerable difficulty in pleading his client's real defense. Though the court overruled a demurrer to the original answer, counsel filed a first amended answer, a demurrer to which was sustained. He then filed a second amended answer and later a third, a demurrer to each of which was sustained; then a fourth, a demurrer to which was tentatively overruled by one judge and later sustained by another judge; then a fifth, which was stricken. The defenses to both causes of action are the same.

The seventh defense in the fifth amended answer refers to and incorporates into that defense certain matters alleged in the sixth defense. Though the seventh defense contains some allegations that are not sufficient to constitute a defense, commingled with allegations attempting to set up several defenses, there are allegations that, undenied, would bar a recovery; for example, allegations, showing want of consideration, and allegations showing that the note was signed as an accommodation to the bank. Much of the seventh defense is a repetition of allegations contained in the fourth amended answer, but it adds to the defense an important element, namely, that the acts and conduct of the cashier of the bank, in overreaching Mrs. Molholm and inducing her to sign the notes without consideration and as an accommodation to the bank, were procured and caused by the other directors and officials of the bank, and in pursuance of a conspiracy entered into by him and them. That averment meets the objection urged by counsel for the bank that, "Nowhere is it charged [in the fourth amended answer] that Harvey [the cashier] was acting with authority from the bank; nowhere is it charged that the

bank had knowledge of or participated in this alleged fraud.'' The allegation with reference to the bank's participation in the transaction was not a repetition of anything previously pleaded. The seventh defense should not have been stricken.

The first and second defenses and the counterclaim are sufficient and should not have been stricken. The third, fourth and fifth defenses in the fifth amended answer are repetitions of insufficient defenses previously pleaded. The court did not err in striking them. It is unnecessary to comment upon the sixth defense, for all material allegations therein are incorporated into the seventh defense, which we hold to be a good defense.

It would serve no useful purpose to repeat the allegations of the several defenses and the counterclaim. The observations made in this opinion are for the guidance of the lower court.

The judgment is reversed and the cause is remanded for further proceedings in harmony with the views herein expressed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE MOORE and MR. JUSTICE BURKE concur.